(No. 3984—

RUBY BAKER, WIDOW OF FREDERICK C. BAKER, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1947.*

PAUL F. JONES, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General for respondent.

ECKERT, C. J.

The decedent, Frederick C. Baker, was employed by the respondent in the Department of Insurance, Division of Licenses, at the time of his death, and had been so employed since May 15, 1941. His employment required that he investigate violations of insurance laws wherever such violations might occur. Much of his work was, of necessity, done in Chicago.

During the latter part of May, and the first week of June, 1946, the decedent was assigned to work in Chicago, and he was authorized by his department to stay at the LaSalle Hotel. Early in the morning of June 5th, a disastrous fire occurred at the hotel in which Mr. Baker lost his life. He left the claimant, Ruby Baker, his widow, and Ruth Ann Baker, his fifteen year old daughter, surviving.

The Director of Insurance had immediate notice of Mr. Baker's death, and demand for compensation was made by the claimant within six months thereafter.

There is no dispute as to the facts. The respondent, however, raises two questions of law which have previously been presented and determined by this court in the case of *Lilla M. Miller* vs. *State of Illinois,* No. 3991, 16 C.C.R.; *Margaret L. Taylor* vs. *State of Illinois,* No. 3996, 16 C.C.R. The decisions in those cases are controlling here, and permit no distinction between an employee of the Department of Insurance and an employee of the Department of Revenue or the Department of Public Health.

The court, therefore, finds, that the death of Frederick C. Baker arose out of and in the course of his employment, and that as an employee of the Department of Insurance he was entitled to the benefits of the Workmen's Compensation Act of this State.

Mr. Baker's earnings during the year immediately preceding his death were in excess of $4,000.00, so that claimant is entitled to an award in the sum of $4,450 00. Since the death occurred subsequent to July 1, 1945, this must be increased 20%, making a total award of $5,340.00. The weekly compensation rate is the maximum of $15.00, increased 20% or $18.00.

Award is therefore entered in favor of the claimant, Ruby Baker, in the amount of $5,340.00 to be paid to her as follows:

$   828.00, accrued, is payable forthwith;
$4,512.00, is payable in weekly installments of $18.00, beginning on the 24th day of April, 1947, for a period of 250 weeks, with an additional final payment of $12.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."